IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered corporation,** ) ) ) ) | |
| **Appellant,** ) ) | |
| v. ) ) | No. 12-2163-STA |
| **VILLAGE GREEN I GP,** a Nevada General Partnership, ) ) ) | |
| **Appellee.** ) | |

---

### ORDER DENYING APPELLEE'S MOTION TO STRIKE
---

Before the Court is Appellee Village Green I GP ("Village Green")'s Motion to Strike (D.E. # 14) filed on April 11, 2012. Appellant Federal National Mortgage Association ("Fannie Mae") has filed a response in opposition. For the reasons set forth below, Village Green's Motion is **DENIED**.

### BACKGROUND

On February 28, 2012, Fannie Mae filed a notice of appeal (D.E. # 1) seeking review of the final confirmation order of the United States Bankruptcy Court for the Western District of Tennessee. Village Green has set out the relevant timeline of events in this appeal. Pursuant to Federal Rule of Bankruptcy Procedure 8006, Fannie Mae filed a designation of record of appeal on March 2, 2012 (D.E. # 16-3), and then an amended designation of record on March 5, 2012 (D.E. # 16-5). On March 13, 2012, Village Green filed its own designation of additional record

1

(D.E. # 16-7). Thereafter, on March 15, 2012, Fannie Mae filed a supplemental designation of record on appeal (D.E. # 16-6) in response to Village Green's designation.

In the Motion before the Court, Village Green argues that Fannie Mae improperly filed the supplemental designation of the record on appeal and that the Court should strike the filing as untimely. According to Village Green, "Fannie Mae should not be able to circumvent the time limitations of Rule 8006 in order to pack the appellate record with pleadings which are not relevant and leave the Appellee guessing how Fannie Mae intends to use the pleadings."[1] Rule 8006 gives an appellant in a bankruptcy appeal 14 days in which to file a designation of the record. Village Green contends that nothing in the plain language of Rule 8006 allows an appellant to later supplement the record outside of that 14-day period.

Fannie Mae responds that Rule 8006 does not address the supplementation of the designation of record beyond the 14-day filing period. Fannie Mae argues that its supplement was filed in response to Village Green's own designation of additional record where Village Green designated two orders Fannie Mae had not appealed. According to Fannie Mae, Village Green designated the Bankruptcy Court's orders but not the underlying motion papers. Fannie Mae asserts then that its supplemental designation was necessary "in the event Appellee raises such issues or the Court otherwise finds those issues relevant to its ruling."[2] Fannie Mae cites authority for the proposition that a "bankruptcy court has no discretion under Rule 8006 to strike designated items from the record on appeal."[3] Fannie Mae goes on to argue that the size of the

---

[1] Village Green's Mem. in Support, 4 (D.E. #14).

[2] Fannie Mae's Resp. & Mem. in Opp'n, 5 (D.E. # 15).

[3] *Id.* (quoting *In re Dow Corning Corp.*, 263 B.R. 544, 546 (Bankr. E.D. Mich. 2001)).

record on appeal is no justification for striking the parties' designations and that this Court should have all of the elements of the record necessary to reach its decision.[4] Therefore, Fannie Mae argues that the Motion to Strike should be denied.[5]

## ANALYSIS

Federal Rule of Bankruptcy Procedure 8006 allows an appellant 14 days from the filing of the notice of appeal in which to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented."[6] The appellee then has 14 days to serve on the appellant "a designation of additional items to be included in the record on appeal . . . ."[7] Rule 8006 states that "[t]he record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court."[8]

The Court finds that the requirements of Rule 8006 are clear and unambiguous. An appellant like Fannie Mae has 14 days to file its designation of the record on appeal, and the appellee then has 14 days to designate any additional items. Not only does Rule 8006 not allow the appellant as a matter of right to supplement the record further, the Rule clearly states that "[t]he record on appeal shall include the items so designated by the parties. . . ." The Court

---

[4] Here again, Fannie Mae argues that "it is inappropriate for Appellee to move to strike the Supplemental Designation on such basis when Appellee has no idea at this time how those documents may be used by Appellant or the appellate court." *Id.* at 7

[5] Fannie Mae makes a final argument that the Court should deny the Motion for Village Green's failure to confer with opposing counsel, as required under Local Rule 7.2(a)(1)(B).

[6] Fed. R. Bankr. P. 8006.

[7] *Id.*

[8] *Id.*

construes the phrase "the items so designated by the parties" to refer only to the items designated by the appellant within 14 days of its notice of appeal and the items designated by appellee within 14 days thereafter. Any additional or supplemental designations filed beyond the time limits provided in Rule 8006 would not properly be part of "the items so designated by the parties." Here Fannie Mae's supplemental designation was filed two days after Village Green filed its designation as appellee. Therefore, the Court holds that Fannie Mae's supplemental designation was untimely and unauthorized pursuant to Rule 8006.

Village Green has requested that the Court strike Fannie Mae's supplemental designation for failure to comply with Rule 8006. Some courts have held that Rule 8006 does not provide authority for striking or excluding designated items from the record on appeal.[9] In fact, the Federal Rules of Civil Procedure allow motions to strike only pleadings and the parts thereof containing "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[10] The Federal Rules of Bankruptcy Procedure and the Federal Rules of Appellate Procedure do not address motions to strike at all. Be that as it may, the Court has the inherent authority to maintain its docket and decline to consider any materials which are not properly before it.[11]

---

[9] *In re Living Hope Sw. Med. Servs., LLC*, No. 4:11-cv-04059, 2012 WL 79661, at *9-10 (W.D. Ark. Jan. 11, 2012); *In re Schmitz*, 436 B.R. 110, 111-12 (Bankr. W.D. Wis. 2010); *In re Dow Corning Corp.*, 263 B.R. 544, 549 (Bankr. E.D. Mich. 2001); *In re Berge,* 37 B.R. 705, 708 (Bankr. W.D. Wis. 1983).

[10] Fed. R. Civ. P. 12(f).

[11] *Anthony v. BTR Auto. Sealing Sys.,* 339 F.3d 506, 516 (6th Cir. 2003); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010).

At the same time, other courts have concluded that authority exists under Federal Rule of Appellate Procedure 10(e) to supplement the record in a bankruptcy appeal so long as the supplemental material was actually before the bankruptcy court.[12]  The Court finds that the better course is to treat Fannie Mae's supplemental designation as a motion to supplement.  It is undisputed that all of the papers listed in the supplemental designation were part of the record before the Bankruptcy Court.  Furthermore, it is not clear to the Court that all of the additional papers listed in the supplemental designation are even relevant to the Court's analysis of the issues on appeal.  Whatever prejudice the supplement may have created for Village Green is arguably moot at this point in the proceedings.  Both parties have fully briefed the issues on appeal.  Thus, it cannot be said that Fannie Mae has left Village Green "guessing how Fannie Mae intends to use the pleadings."  For these reasons, the Motion to Strike is **DENIED.**  The Court will grant Fannie Mae leave to file its supplemental designation as part of the record on appeal.

**IT IS SO ORDERED.**

                                s/ S. Thomas Anderson
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE

                                Date:  December 5, 2012.

---

[12] *In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003); *In re General Dev. Corp.*, 84 F.3d 1364, 1369 (11th Cir. 1996); *In re Musilli*, 398 B.R. 447, 453 (E.D. Mich. 2008) *aff'd on other grounds*, 379 F. App'x 494 (6th Cir. 2010); *In re Shields*, 2:09-CV-02910-GEB, 2010 WL 3429646 (E.D. Cal. Aug. 30, 2010) (applying Fed. R. App. P. 10(e) to conclude that district court had authority to supplement the record in a bankruptcy appeal).